ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
CHRISTOPHER K. PELHAM (Cal. State Bar No. 241068)
Assistant United States Attorney
Organized Crime Drug Enforcement Task Force Section
KEVIN S. ROSENBERG (Cal. State Bar No. 174593)
Assistant United States Attorney
Deputy Chief, OCDETF Section
MACK E. JENKINS (Cal. State Bar No. 242101)
Assistant United States Attorney
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0610/4849/2091
     Facsimile: (213) 894-3713/0142
     E-mail:   christopher.pelham@usdoj.gov
               kevin.rosenberg@usdoj.gov
               mack.jenkins@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) CR No. 10-00567-AHM |
|---|---|
| Plaintiff, | ) ORDER CONTINUING TRIAL DATE |
| | ) AND FINDINGS REGARDING |
| v. | ) EXCLUDABLE TIME PERIODS |
| | ) PURSUANT TO SPEEDY TRIAL ACT |
| RAFAEL MUNOZ GONZALEZ, et al., | ) |
| | ) **CURRENT TRIAL DATE: 5/15/2012** |
| Defendants. | ) **New TRIAL DATE: 10/23/2012** |
| | ) |
| | ) **New FINAL STATUS CONF.** |
| | ) **DATE:** |
| | ) **9/10/12** |

The Court has read and considered the Stipulation Regarding Request for (1) Continuance of Trial Date and (2) Findings of Excludable Time Periods Pursuant to Speedy Trial Act, filed by

1 the government and defendants RAFAEL MUNOZ GONZALEZ, MICHAEL
2 ANTHONY TORRES, and ABRAHAM ALDANA on January 4, 2012.  The Court
3 hereby finds that the Stipulation, which this Court incorporates
4 by reference into this Order, demonstrates facts that support a
5 continuance of the trial date in this matter, and provides good
6 cause for a finding of excludable time pursuant to the Speedy
7 Trial Act, 18 U.S.C. § 3161.
8     The Court further finds that: (i) the ends of justice served
9 by the continuance outweigh the best interest of the public and
10 defendants in a speedy trial; (ii) failure to grant the
11 continuance would be likely to make a continuation of the
12 proceeding impossible, or result in a miscarriage of justice;
13 (iii) failure to grant the continuance would unreasonably deny
14 defendants continuity of counsel and would deny defense counsel
15 the reasonable time necessary for effective preparation, taking
16 into account the exercise of due diligence; and (iv) the case is
17 so unusual or so complex, due to the number of defendants and the
18 nature of the prosecution, that it is unreasonable to expect
19 adequate preparation for pretrial proceedings or for the trial
20 itself within the time limits established under 18 U.S.C.
21 §§ 3161, et seq.
22 THEREFORE, FOR GOOD CAUSE SHOWN:
23     1.  The trial in this matter as to all defendants is
24 continued until **October 23, 2012 at 9:00 a.m.**
25     2.  The time period of **May 15, 2012** to **October 23, 2012**,
26 with such time periods being inclusive, are excluded in computing
27 the time within which the trial must commence, pursuant to 18
28

U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (B)(iv).

3. All parties, except those defendants as to whom a signed plea offer has been filed, must appear for a status conference and motions hearing date on **September 10, 2012 at 3:00 p.m.** All motions, **including motions *in limine***, must be filed no later than on **August 10, 2012.**

4. The parties must meet-and-confer on any remaining discovery issues by no later than on **May 7, 2012.** If discovery disputes remain, defendants must move to compel additional discovery by no later than **May 21, 2012.** The government must oppose all discovery motions by no later than **May 29, 2012**. Defendants must reply to those oppositions by no later than **June 4, 2012.** A discovery motions hearing, which only those defendants who have filed discovery motions must attend, will be held on **June 11, 2012 at 4:00 p.m.**

///
///
///

5. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

January 6, 2012
DATE

THE HONORABLE A. HOWARD MATZ
UNITED STATES DISTRICT JUDGE

cc: **USMO, PSA**